UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Donald A. Ely, Jr., individually and as Trustee of the Ely Family Trust dated June 10, 2005, | ) ) ) ) | |
| Plaintiff. | ) ) ) | |
| v. | ) ) | Case No. 25-cv-00068 |
| U.S. Bank, N.A.,; Blake A. Strautins, personally as attorney for U.S. Bank, N.A.,; Kimberly Brumirski, personally as attorney for U.S. Bank, N.A.; McCalla Raymer Leibert Pierce, LLC, as attorneys for U.S. Bank, N.A.; Kluever Law Group, LLC; and Diaz Anselmo & Associates P.A., | ) ) ) ) ) ) ) ) ) | Judge Sharon Johnson Coleman |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Pro se plaintiff Donald A. Ely, Jr., individually and as Trustee of the Ely Family Trust dated June 10, 2025 ("Plaintiff") filed his First Amended Complaint against U.S. Bank, N.A.; Blake A. Strautins, personally as attorney for U.S. Bank, N.A.; Kimberly Brumirski, personally as attorney for U.S. Bank, N.A.; McCalla Raymer Leibert Pierce, LLC, as attorneys for U.S. Bank, N.A.; Kluever Law Group, LLC, and Diaz Anselmo & Associates P.A.[1], alleging "fraud" and "corruption" stemming from a mortgage foreclosure litigation in state court whereby the Circuit Court of Cook County granted summary judgment against Plaintiff for an unpaid mortgage ("State Court Foreclosure Action") as well as an eviction notice lawsuit filed by Defendant U.S. Bank against unknown occupants of the property at issue in the State Court Foreclosure Action following the entry of judgment in that case ("State Court Eviction Action"). Defendants U.S. Bank N.A., Blake A. Strautins, and Kluever

---

[1] Plaintiff added Diaz Anselmo & Associates, P.A. as a defendant to his First Amended Complaint. However, Defendant never served Diaz Anselmo & Associates, P.A. For the reasons set forth in this Opinion, the Court dismisses Diaz Anselmo & Associates P.A. from this lawsuit.

1

Law Group ("U.S. Bank Defendants") and Defendants Kimberly Brumirski and McCalla Raymer Leibert Pierce, LLC ("McCalla Defendants") (together, "Defendants") each filed a motion to dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6).

The Court acknowledges the difficult situation Plaintiff finds himself in and is not without sympathy for the situation Plaintiff, and his now-deceased wife, were in at the beginning of the State Court Foreclosure Action. However, the Court must make its ruling based on whether jurisdiction is met. Here, the Court finds that it does not have jurisdiction over this matter to proceed. Accordingly, U.S. Bank Defendants' motion to dismiss [26] and McCalla Defendants' motion to dismiss [19] are granted.

**BACKGROUND**

The following facts are accepted as true for the purpose of resolving the motions to dismiss. This Court will construe Plaintiff's First Amended Complaint liberally as a *pro se* litigant. *See Taylor v. JPMorgan Chase Bank, N.A.,* 958 F.3d 556, 562 (7th Cir. 2020).

On July 9, 2018, Defendant U.S. Bank filed the State Court Foreclosure Action based on Plaintiff's failure to make monthly payments on his mortgage, beginning on December 1, 2017. On October 17, 2022, the Circuit Court of Cook County entered a judgment of foreclosure and sale against Plaintiff and approved the sale of the property on April 27, 2023. Plaintiff unsuccessfully appealed the judgment to the Illinois Appellate Court and Illinois Supreme Court.

Defendant U.S. Bank filed the State Court Eviction Action on July 22, 2024. The Circuit Court of Cook County entered an eviction order on September 20, 2024. Plaintiff filed a notice of appeal, which the Illinois Appellate Court dismissed.

Plaintiff filed this lawsuit on January 3, 2025, putting forth allegations of "fraud" and "corruption" against Defendants for actions that took place during the State Court Foreclosure Action and the State Court Eviction Action. Defendants in this lawsuit were the plaintiff, and the attorneys

2

and law firms, in the state court proceedings. In this case, Plaintiff seeks damages equal to the value of the property that was subject to foreclosure in the state court proceedings.

**LEGAL STANDARD**

A Rule 12(b)(1) motion challenges federal jurisdiction, and the party invoking bears the burden of establishing the elements necessary for subject matter jurisdiction, including standing. *Thornley v. Clearview AI, Inc.,* 984 F.3d 1241, 1244 (7th Cir. 2021); *International Union of Operating Eng'rs v. Daley*, 983 F.3d 287, 294 (7th Cir. 2020). Under Rule 12(b)(1), the Court accepts all well-pled factual allegations as true and construes all reasonable inferences in the plaintiff's favor when a defendant has facially attacked standing. *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 2 F.4th 1002, 1007 (7th Cir. 2021).

**DISCUSSION**

The Court will address the applicability of the *Rooker-Feldman* doctrine, which is dispositive to this case.

### I. The *Rooker-Feldman* Doctrine

Defendants contend that the *Rooker-Feldman* doctrine deprives the Court of subject matter jurisdiction over the claims in this lawsuit. Plaintiff claims that the *Rooker-Feldman* doctrine does not bar claims based on fraud, which Plaintiff contends are the basis for his asserted claims.

Per the *Rooker-Feldman* doctrine, federal courts may not exercise jurisdiction over cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 554 U.S. 208, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). The *Rooker-Feldman* doctrine applies to those claims presented to, and decided by, a state court as well as any claim "inextricably intertwined" with the state court claims. *Taylor v. Fed. Nat. Mortg. Ass'n,* 374 F.3d 529, 533 (7th Cir. 2004). A claim is considered "inextricably

intertwined" with a state court decision where it "alleges that the injury was caused by the state court judgment, or, alternatively… alleges an independent prior injury that the state court failed to remedy." *Fed. Nat. Mortg. Ass'n,* 374 F.3d at 533. A claim that is "inextricably intertwined" with a state court decision may only be considered by a federal court where the plaintiff did not have a reasonable opportunity to raise the issue in the state court proceedings. *Id.* at 533. Whether a reasonable opportunity existed depends on "factor[s] independent of the actions of the opposing part[ies] that precluded a plaintiff from bringing [] claims in state court, such as state court rules or procedures." *Id.* at 534-35 (internal citations omitted).

The Court finds that the claims in this lawsuit are "inextricably intertwined" with the State Court Foreclosure Action and State Court Eviction Action. Here, a ruling in favor of Plaintiff would require the Court to set aside the judgment in the State Court Foreclosure Action and State Court Eviction Action as Plaintiff's claims concern actions that he alleges occurred during the state court proceedings. This is affirmed by Plaintiff's requested relief, which seeks damages equal to the property value which was the subject of the State Court Foreclosure Action. Such relief is barred by the *Rooker-Feldman* doctrine. *Fed. Nat. Mortg. Ass'n,* 374 F.3d at 533 (finding the *Rooker Feldman* doctrine barred recovery of foreclosed home or damages in equal value as such recovery was "tantamount to a request to vacate the state court's judgment of foreclosure.") Plaintiff also does not allege that he lacked a reasonable opportunity to address the claims asserted in this lawsuit in the underlying state court proceedings. And the Court finds that no facts exist to find a lack of reasonable opportunity.

Furthermore, Plaintiff's argument that his fraud claims are not barred by the *Rooker-Feldman* doctrine fails. Plaintiff cannot just plead "fraud" to elude the *Rooker-Feldman* doctrine. "[F]raud (no matter how described) does not permit a federal district court to set aside a state court's judgment in a civil suit." *Iqbal v. Patel,* 780 F.3d 728, 730 (7th Cir. 2015). The Seventh Circuit has expressly rejected the idea that there is a fraud exception to the *Rooker-Feldman* doctrine, especially in the context of state

4

foreclosure proceedings. *Nora v. Residential Funding Co., LLC,* 543 Fed. Appx. 601, 602 (7th Cir. 2013). Nor does any exception exist for corruption and conspiracy claims, also asserted by Plaintiff. *Hadzi-Tanovic v. Johnson,* 62 F.4th 394, 401-02 (7th Cir. 2023) (finding corruption claims are subject to the *Rooker-Feldman* doctrine); *Faulkner v. Otto,* No. 15 C 3344, 2016 WL 1381795, at *4 (N.D. Ill. Apr. 5, 2016) (Castillo, J.) (holding conspiracy allegations related to a state foreclosure action were subject to the *Rooker-Feldman* doctrine).

The *Rooker-Feldman* doctrine applies to Plaintiff's claims. Therefore, Defendants' motions to dismiss are granted and the case is dismissed for lack of subject matter jurisdiction.

**CONCLUSION**

For these reasons, the Court grants U.S. Bank Defendants' motion to dismiss [26] and McCalla Defendants' motion to dismiss [19]. Civil case terminated.

**IT IS SO ORDERED.**

Date: 7/16/2025

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge