UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Donald A. Ely, Jr., individually and as Trustee of the Ely Family Trust dated June 10, 2005, <br><br> Plaintiff. <br><br> v. <br><br> U.S. Bank, N.A.,; Blake A. Strautins, personally as attorney for U.S. Bank, N.A.,; Kimberly Brumirski, personally as attorney for U.S. Bank, N.A.; McCalla Raymer Leibert Pierce, LLC, as attorneys for U.S. Bank, N.A.; Kluever Law Group, LLC; and Diaz Anselmo & Associates P.A., <br><br> Defendants. | Case No. 25-cv-00068 <br><br> Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

Pro se plaintiff Donald A. Ely, Jr., individually and as Trustee of the Ely Family Trust dated June 10, 2025 ("Plaintiff") filed a Rule 59 motion to alter or amend judgment. For the following reasons, the Court denies Plaintiff's Rule 59 motion [43].

**LEGAL STANDARD**

Rule 59(e) "allow[s] a party to bring to the district court's attention a manifest error of fact or law so that it may correct, or at least address, the error in the first instance." *A&C Construction & Installation, Co. WLL v. Zurich Am. Ins. Co.*, 963 F.3d 705, 709 (7th Cir. 2020). A motion to reconsider is not appropriate for relitigating arguments or arguing issues that could have been raised previously. *Id.* District courts have broad discretion in determining Rule 59(e) motions. *See Abellan v. Lavelo Property Mgmt. LLC*, 948 F.3d 820, 833 (7th Cir. 2020).

**DISCUSSION**

Plaintiff cites "Seven Counts of Error" as the basis for this motion, although Plaintiff only alleges six alleged counts of error in support of his motion. To start, Plaintiff's unfounded claims of *ex parte* communications, discrimination of *pro se* Plaintiff, and argument about incorrect citation to *Taylor v. Fed. Nat. Mortg. Ass'n* are not only inappropriate for this motion, but utterly baseless as well.

First, Plaintiff's claim of *ex parte* communications is based on his claims that he "saw three Wilsom [sic] Elser attorneys come out of the area of the judge's chambers prior to oral arguments." (Dkt. 47, at 3). As Plaintiff is proceeding *pro se,* the Court acknowledges he may be unfamiliar with the logistics of the courtroom. But the Court wants to make clear: the Court did not engage in improper *ex parte* communication with any attorney regarding this matter at any time throughout the litigation and there is absolutely no evidence to support this serious accusation. The Court will not entertain arguments based off complete falsehoods. This argument, therefore, fails.

Second, as to alleged discrimination of Plaintiff due to his *pro se* status, the Court allowed each side the same amount of time to argue the motion at oral argument: an opportunity many litigants are not provided. The Court considered all of the filings along with the oral arguments in reaching its decision. Furthermore, while the Court is aware of the caselaw cited by Plaintiff during oral argument, the majority of the caselaw is out of circuit and, therefore, not binding on this Court. The only relevant case – *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 554 U.S. 208, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005) – was considered by the Court in finding that the *Rooker-Feldman* doctrine barred Plaintiff's claims. (*See* Dkt. 41, at 3). The Court did not discriminate against Plaintiff, so this argument also fails.

Third, Plaintiff offers two arguments concerning the *Taylor v. Fed. Nat. Mortg. Ass'n,* 374 F.3d 529, 533 (7th Cir. 2004) case. Plaintiff alleges that the Court provided the incorrect citation in its order. Not only is this not a legitimate basis for a Rule 59(e) motion, but it is plainly false. The Court referenced the full citation on page three of its opinion, defeating this argument. (*Id.*). Plaintiff's argument that *Taylor* was improperly cited also fails. The Court ruled that the *Rooker-Feldman* doctrine

2

bars Plaintiff's claims. The Court cited *Taylor's* conclusion in support of its ruling: the *Rooker-Feldman* doctrine barred recovery of a foreclosed home on damages in equal value as such recovery was "tantamount to a request to vacate the state court's judgment of foreclose." Although Plaintiff is a *pro se* litigant, his failure to understand the holding in a binding case cited by the Court is not a basis for overturning a judgment.

The remaining "errors" advanced by Plaintiff boil down to an attempt to relitigate matters decided by this Court in issuing its ruling on the motion to dismiss. Plaintiff offers no "manifest errors of fact or law" that would require this Court to overturn or correct the judgment. He contends that the Court did not address his fraud arguments, but the Court analyzed Plaintiff's fraud claims in its order. (Dkt. 41, at 4). He also argues that the Court improperly concluded that the *Rooker-Feldman* doctrine barred his claims. No evidence is offered in support of this conclusory statement. Indeed, Plaintiff's disagreement with a Court's ruling is "wholly insufficient to justify relief under Rule 59(e)." *Chaidez v. Ford Motor Co.,* No. 17-cv-3244, 2018 WL 11220400, at *2 (N.D. Ill. July 16, 2018) (Norgle, J.) Clearly, Plaintiff filed this motion as an attempt to relitigate arguments presented in the motion to dismiss. There are no "manifest errors of fact or law" to support this motion. Accordingly, Plaintiff's motion fails.

**CONCLUSION**

For these reasons, the Court denies Plaintiff's Rule 59(e) motion [43].

**IT IS SO ORDERED.**

Date: 9/18/2025

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

3